UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALI POORSINA,

    Plaintiff,

v.

PEAK FORCLOSURE SERVICES, INC,

    Defendant.

Case No. 20-cv-08282-WHO

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

Re: Dkt. No. 6

Pro se plaintiff Ali Poorsina brings this action against defendant Peak Foreclosure Services, Inc. ("Peak") for claims arising out a foreclosure sale. Peak had previously interpleaded the surplus funds from its foreclosure of real property in San Francisco in an action before Magistrate Judge Laurel Beeler, *In re 1563 28th Ave., San Francisco, CA 94112*, Case No. 3:19-cv-01385-LB, in which Poorsina was a claimant and raised causes of action similar to the ones in this case that Judge Beeler rejected before she entered judgment.

Poorsina's claims under California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and the Fair Debt Collection Practices Act ("FDCPA") are meritless because they are barred by the one-year statute of limitations and because Poorsina only alleges foreclosure-related activities, which are not cognizable under either statute. His declaratory relief claim and claim under California Business and Professions Code section 17200 (the "UCL") necessarily fail because they are wholly derivative of the Rosenthal Act and FDCPA claims. Amendment would be futile, and I will VACATE the hearing on February 3, 2021 and GRANT Peak's motion to dismiss the Complaint with prejudice.

**BACKGROUND**

On or about May 12, 2005, Poorsina obtained a $623,000 mortgage loan to purchase

1  property located at 1563 28th Avenue, San Francisco, California 94122 ("Property"). Complaint

2  ("Compl.") [Dkt. No. 1] ¶ 14; Defendant's Request for Judicial Notice in Support of Motion to

3  Dismiss ("RJN") [Dkt. No. 6-2], Ex. 1.[1]  On or about February 27, 2017, Peak was substituted in

4  as the foreclosure trustee under the deed of trust. RJN, Ex. 2.

5  On May 4, 2017, Peak recorded a Notice of Default. Compl. ¶ 16; RJN, Ex. 3. Poorsina

6  failed to cure the default and a Notice of Trustee's Sale was recorded on August 8, 2017. Compl.

7  ¶ 17; RJN, Ex. 4. Poorsina did not reinstate the loan and the foreclosure sale went forward on

8  September 7, 2017 with Peak as the foreclosure trustee. *Id.*, Ex. 5. The Property was sold to

9  Steppingstone Assets Group LLC 100% Interest. *Id.*

10  After paying the foreclosing creditor, trustee's fees and expenses, and court costs, Peak

11  was left with $273,331.73 in surplus proceeds ("Surplus Proceeds") available to potential

12  claimants. RJN, Ex. 6; *see In re 1563 28th Ave., San Francisco, CA 94112*, No. 3:19-cv-01385-

13  LB, 333 F.R.D. 630, 632 (N.D. Cal. 2019). Peak filed an interpleader petition in San Francisco

14  County Superior Court. *Id.* at 633. The United States, which was a claimant on the federal tax

15  lien, removed the action to federal court. *Id.*

16  Six claimants made claims on the Surplus Proceeds, including Poorsina who claimed the

17  entirety of the Surplus Proceeds. *Id.* at 634. Judge Beeler granted Peak's motion for an order

18  depositing $273,331.73 in Surplus Proceeds with the court and discharged it of liability with

19  respect to the Surplus Proceeds. *Id.* at 638. She denied Poorsina's motions and objections

20  opposing the other parties' claims. *Id.*

21  Ultimately, Poorsina filed a motion for summary judgment, alleging FDCPA and Federal

---

[1] Peak requests that I take judicial notice of several documents related to the underlying loan and related surplus funds proceedings: Deed of Trust recorded on May 12, 2005 (Ex. 1); Substitution of Trustee recorded on May 4, 2017 (Ex. 2); Notice of Default recorded on May 4, 2017 (Ex. 3); Notice of Trustee's Sale recorded on August 8, 2017 (Ex. 4); Trustee's Deed Upon Sale recorded on September 15, 2017 (Ex. 5); October 17, 2019 Order Granting Interpleader Plaintiff's Motion for an Order Depositing Surplus Proceeds with Court and Discharging Plaintiff (Ex. 6); February 6, 2020 Order Dismissing Poorsina's Motion for Summary Judgment (Ex. 7).

Courts routinely take judicial notice of similar public records. S*ee Woodruff v. Mason McDuffie Mortg. Corp.*, No. 19-CV-04300-WHO, 2020 WL 5210920, at *1 n.1 (N.D. Cal. Sept. 1, 2020). The request for judicial notice is GRANTED.

Trade Commission Act claims against Peak for making "false, deceptive, or misleading representation . . . in connection with the collection of any debt." Poorsina Motion for Summary Judgment, *In re 1563 28th Ave., San Francisco, CA 94112*, No. 3:19-cv-01385-LB, (N.D. Cal. Sept. 30, 2020), Dkt. No. 198. Judge Beeler denied Poorsina's motion, noting that Peak was discharged of liability with respect to the Surplus Proceeds. *See* Order Denying Mr. Poorsina's Motions for Summary Judgment, *In re 1563 28th Ave., San Francisco, CA 94112*, No. 3:19-cv-01385-LB, (N.D. Cal. Oct. 1, 2020), Dkt. No. 200. On October 6, 2020, judgment was entered in favor of Poorsina in the amount of $1,719.98; the remaining amounts went to the other claimants.

On November 23, 2020, Poorsina filed the Complaint in this action, bringing similar claims against Peak for violating the Rosenthal Act, the FDCPA, and the UCL by making "false representations or [using] deceptive means to collect or attempt to collect any debt," and "misrepresent[ing] the status of the loan and [Poorsina's] obligation to pay," Compl. ¶ 29, 35.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss if a claim fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

## DISCUSSION

Peak moves to dismiss the Complaint on grounds that Poorsina's Rosenthal Act and FDCPA claims fail because they are barred by the one-year statute of limitations, and because they would fail regardless because Peak was carrying out the foreclosure process, which is not a violation of these fair debt collection statutes. Motion to Dismiss for Failure to State a Claim

[Dkt. No. 6] 4. Additionally, Peak argues that the UCL claim fails because it is predicated solely upon the failed Rosenthal Act and FDCPA claims and the request for declaratory relief is duplicative and based upon the other defective claims. *Id.*

## I.  ROSENTHAL ACT CLAIM

Poorsina alleges that Peak violated the Rosenthal Act in connection with the nonjudicial foreclosure process by making false representations regarding the debt owed on his mortgage loan and to collect upon the debt. Compl. ¶ 29. As Peak argues, this claim has two fatal flaws.

First, the applicable statute of limitations provides plaintiffs one year from the alleged violation to bring suit against a defendant. *See* Cal. Civ. Pro. § 1788.30(f); *see also Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1085 (E.D. Cal. 2013). Poorsina's claim is based upon the foreclosure sale that occurred on September 7, 2017. He had until September 7, 2018 to file suit based upon a Rosenthal Act violation. He did not commence this lawsuit until November 23, 2020, which is more than two years after the statute of limitations ran. Accordingly, Poorsina's Rosenthal Act claim is barred by the statute of limitations.

Second, the Rosenthal Act does not apply to this case at all. Courts in this district have held that unless the claim arises from activities "beyond the scope of the ordinary foreclosure process," the Rosenthal Act does not apply to foreclosure proceedings. *See Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011); *Collins v. Power Default Servs., Inc.*, No. 09-4838 SC, 2010 WL 234902, at *3 (N.D. Cal. Jan. 14, 2010) ("the law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the [Rosenthal Act]" (citations omitted)). Poorsina's Rosenthal Act claim does not allege conduct beyond the ordinary foreclosure process, nor does he allege any damages based on the purported Rosenthal Act violation. Poorsina's opposition brief fails to address this argument, or any of the arguments discussed below. Opposition to Motion to Dismiss [Dkt. No. 16]. Instead, he simply reiterates the motion to dismiss standard and conclusorily argues that his Complaint has met that standard. It has not.

Peak's motion to dismiss the Rosenthal Act claim is GRANTED.

## II. FDCPA CLAIM

The same two reasons doom Poorsina's FDCPA claim. Like the Rosenthal Act, the FDCPA's statute of limitations is "one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d); *see also Huy Thanh Vo*, 931 F. Supp. 2d at 1085. Poorsina's FDCPA claim is based upon the foreclosure sale that occurred on September 7, 2017 and is similarly time-barred. Compl., second labelled ¶¶ 1–6.

Additionally, the law is well settled that FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt." *Woodruff v. Mason McDuffie Mortg. Corp.*, No. 19-CV-04300-WHO, 2020 WL 5210920, at *7 (N.D. Cal. Sept. 1, 2020) (citation omitted). Acts of foreclosing on a property pursuant to a deed of trust are not "debt collection" within the meaning of the FDCPA. *Id.* (citing *Nera v. Am. Home Mortg. Servicing, Inc.*, No. C-09-2025 RMW, 2009 WL 2423109, at *4 (N.D. Cal. Aug. 5, 2009) (citation omitted)). "[C]reditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the Act. *Id.* (citation omitted); *see Castellanos v. Countrywide Bank NA*, No. 15-CV-00896-BLF, 2015 WL 3988862, at *3 (N.D. Cal. Jun. 30, 2015) ("[T]to the extent that [p]laintiff alleges [d]efendants violated the FDCPA or RFDCPA through foreclosure-related activities, such claims are not cognizable under either statute.").

Peak's motion to dismiss the FDCPA claim is GRANTED.

## III. UCL CLAIM

Poorsina bases his UCL claim upon Rosenthal Act and FDCPA violations. *See* Compl. ¶ 37. By proscribing "any unlawful" business practice, "section 17200 'borrows' violations of other laws and treats them as unlawful practices" that the unfair competition law makes independently actionable. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). A plaintiff must have sufficiently "tethered" his unfair business practices claim to a "specific constitutional, statutory, or regulatory provisions." *Valencia v. Wells Fargo Home Mortg. Inc.*, No. C 14-3354 CW, 2014 WL 5812578, at *6 (N.D. Cal. Nov. 7, 2014). "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14

1  Cal. App. 4th 612, 619 (1993).  A plaintiff may thus not "plead around" an "absolute bar to relief"
2  simply "by recasting the cause of action as one for unfair competition."  *Manufacturers Life Ins.*
3  *Co. v. Superior Court*, 10 Cal.4th 257, 283 (1995).

4  Because Poorsina's UCL claim is tethered to the meritless Rosenthal Act and FDCPA
5  claims, it necessarily fails as well.  Peak's motion to dismiss the UCL claim is GRANTED.

### IV. DECLARATORY RELIEF CLAIM

Poorsina's declaratory relief claim is merely derivative of his Rosenthal Act and FDCPA claims, asserting no independent theories.  Compl., second labelled ¶¶ 7–9.  It falls with the rest of his insufficiently pleaded Complaint.

In sum, Poorsina fails to state a claim upon which relief can be granted under Rule 12(b)(6).  If a Rule 12(b)(6) motion is granted, "leave to amend need not be granted where amendment would be futile."  *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).  I find that amendment would be futile given the applicable statutes of limitation.  Poorsina made similar allegations in the surplus action before Judge Beeler, and they were rejected by her as they are rejected by me.  Peak has been discharged of liability as it relates to the Surplus Funds.  Peak's motion to dismiss the Complaint is GRANTED with prejudice.

### CONCLUSION

Peak's motion to dismiss the Complaint is GRANTED with prejudice.  Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: January 29, 2021

William H. Orrick
United States District Judge